## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v

DAVID AGUIRRE

     Defendant.

Case Number: 3:24-cr-77-TKW

## <u>ORDER OF RELEASE</u>

The Defendant appeared before this Court for a detention hearing on Monday, December 15, 2025, pending a hearing to revoke the Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which provides that a "magistrate judge may release or detain" a defendant under 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

### I.    The Offense and the Violations

In 2023, Defendant was sentenced to 24 months of imprisonment followed by 3 years of supervised release for transporting illegal aliens for profit. He began his supervised release on June 28, 2024, and jurisdiction was transferred to this District on September 11, 2024.

According to USPO Carson, who testified at the hearing, Defendant was arrested on November 25, 2025, in Louisiana for driving while under the influence, hit and run, possession of alcoholic beverages in a vehicle, and not having a license. That offense resulted in several violations, including (1) possessing or consuming alcohol - a violation of a special condition; (2) failing to notify the supervising

officer of his arrest; and (3) leaving this District without permission. The arrest report for the DUI arrest (Gov't Exh. 1) notes that Defendant's vehicle struck another vehicle and continued down the road. Approximately an hour later, officers located Defendant's vehicle on the interstate, parked on the shoulder of the road. The Defendant was asleep in the backseat. Officers smelled a strong odor of alcohol coming from Defendant and observed an open container of Modelo beer in the console. Additionally, the Defendant had urinated on himself. That case remains pending.

Five (5) days later, on November 30, 2025, Defendant was arrested in Okaloosa, Florida, for operating a motor vehicle without a license, subsequent offense. That case is also still pending. Defendant also did not report that arrest to USPO Carson. According to the affidavit for that arrest (Gov't Exh. 2), Defendant was pulled over for traveling 61 mph in a 40-mph zone. Although he was given only a warning for the speeding offense, he was arrested for not having a driver's license. The report notes that Defendant has one prior DUI conviction, which, as reflected in the presentence investigation report, was from 2009.

Six days later, on December 6, 2025, Defendant was arrested once again for driving without a license. Gov't Exh. 3. Defendant has been incarcerated since that date.

## II.    The 3142(g) Factors

As stated above, it is Defendant's burden to show by clear and convincing evidence that he will not pose a danger to the community and is not likely to flee if released. Clear and convincing evidence exists when the evidence induces "an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S. Ct. 2433, 2437-38 (1984). "Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25(1979). In considering whether Defendant has met that burden, the Court considers the factors found in 18 U.S.C. § 3142(g). *See United States v. Dickerson*, 2020 WL 7234516, at *4 (S.D. Ga. Sept. 9, 2020). Those factors are (1) the nature of the offense; (2) the weight of the evidence; (3) the Defendant's history and characteristics; and (4) the danger to the community if Defendant is released. 18 U.S.C. § 3142(g).

The Government argues that the November 25 arrest shows that Defendant is a danger to the community. The Court agrees that driving under the influence is a

serious offense, and its danger to the community cannot be understated.  That said, the Court must also consider other factors, such as that (1) Defendant maintained his sobriety for more than a year after his release from federal custody, (2) Defendant is gainfully employed and has the support of his employer (*see* Def's Exh. 1), (3) Defendant has a stable residence, and (4) Defendant has been and continues to actively seek treatment for his addiction and mental health issues.  Additionally, Defendant proffered that he believes he has a valid Arizona driver's license, has been in contact with the Arizona department of motor vehicles, and is working on resolving his license issue as well as working on obtaining a Florida driver's license.

Against that backdrop, the Court finds Defendant has met his burden of showing by clear and convincing evidence that, with *additional* conditions, he will not be a danger to the community or a flight risk.

Accordingly, IT IS ORDERED that Defendant SHALL BE RELEASED pending a final adjudication on the petition to revoke supervised release and SHALL BE SUBJECT TO THE EXISTING CONDITIONS OF HIS SUPERVISED RELEASE *AND* THE FOLLOWING ADDITIONAL CONDITIONS.  These *additional* conditions shall remain in place until Defendant's final revocation hearing unless otherwise extended by the Court:

1. Immediately upon his release from federal custody, Defendant shall contact his supervising officer and shall report to the probation office as directed by his supervising officer for placement of a GPS monitoring system.

2. Home detention with GPS monitoring.  Defendant shall be subject to GPS monitoring and shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or activities approved in advance by the pretrial services office or supervising officer.

3. Within 24 hours of his release, Defendant shall relinquish custody, control, and possession of his vehicle and all keys associated with the vehicle to a third party and shall provide confirmation to his supervising officer.

4. Defendant shall not drive any vehicle.

5.  Defendant shall make himself available for alcohol and substance abuse testing on a weekly basis as directed by the supervising officer.

Entered on December 16, 2025

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE